**08 CIV. 0968**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON HOUSTON,

                     Plaintiff,

v.

CITY OF POUGHKEEPSIE, NEW YORK, its
officers, agents, and employees and OFFICER CRONK,
individually and as an employee of the City of
Poughkeepsie,

                     Defendants.

---

TRIAL BY JURY DEMANDED

Complaint

JUDGE ROBINSON

Plaintiff, complaining of the Defendants alleges as follows:

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331.

PARTIES

1. Plaintiff is a resident of the county of Dutchess, State of New York and the United States of America.

2. At all times referred to herein, defendant Cronk, was a police officer employed by the City of Poughkeepsie.

3. At all times referred to herein, defendant Cronk, was a police officer employed by the City of Poughkeepsie, whose name and identity remain unknown at this time.

4. Defendant was, at all times referred to herein, chief of policy for the City of Poughkeepsie, ans as such, he was the commanding officer of defendant, and was responsible for the training, supervision, and conduct of defendant, as more fully set forth below. Defendant is

further responsible by law for enforcing the regulations of the City of Poughkeepsie and for ensuring that City of Poughkeepsie Police officer obey the laws of the state of New York and the United States of America.

5. Defendant City of Poughkeepsie is a municipal corporation, organized and existing under the laws of the State of New York.

6. Plaintiff sues all defendants in their individual capacities.

7. At all times referred to herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York and the City of Poughkeepsie.

8. On or about October 31, 2006 at approximately 7:50 p.m Plaintiff was present on Bancroft Road in the City of Poughkeepsie, Dutchess County, New York.

9. At or about that the time and at that place, a City of Poughkeepsie police vehicle, believed to be car number 16, stopped on Barncroft Road.

10. At that time and place, one or more of the occupants of the police car approached the Plaintiff, and asked a series of questions regarding what he was doing and where he had been.

11. Plaintiff answered the questions truthfully and promptly.

12. Thereafter, one of the officers, believed to be Defendant Officer Cronk, struck the Plaintiff on and about his head, causing physical injury and bleeding.

13. The actions taken by the Defendant individual police officer were without justification or provocation on the part of the Plaintiff.

14. Upon information and belief, this same police officer has previously been the subject of litigation in which it was alleged that he assaulted a driver of a vehicle.

15. Plaintiff has suffered physical injury, emotional distress, and mental anguish.

## COUNT I

16. For his cause of action against defendants in Count 1, Plaintiff states:

17. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 15 of this complaint as though fully set forth herein.

18. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants committed under color of law and under their authority as City of Poughkeepsie police officers, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

19. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, plaintiff suffered severe and permanent injuries and damages including a fracture of his skull; blunt trauma and blunt trauma injures including severe bruises, contusions, and abrasions on his head, face, neck shoulders, back, arms, knees and legs; lacerations on his wrists, and muscular sprain and strain to his neck and back. Plaintiff's body was rendered weak, stiff, sore, painful and causing plaintiff great anguish, fear and consternation. Additionally, Plaintiff has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future in an amount of One Hundred Thousand ($100,000.00) Dollars.

20. The acts of defendants as set forth above were intentional, wanton, malicious and oppressive, thus entitling plaintiff to an aware of punitive damages.

## COUNT II

21. For his cause of action against defendants and the City of Poughkeepsie, Plaintiff states:

22. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 20 of this complaint as though fully set forth herein.

23. Prior to the incident involving Plaintiff had learned of several previous incidents involving defendant wherein the officer had used unreasonable force on others that they he had arrested. City of Poughkeepsie took no action to discipline defendant or to order him not to repeat such incidents, thus tacitly authorizing such conduct. If Defendant City of Poughkeepsie had taken such remedial action, the beating of Plaintiff would not have occurred.

24. The City Council of Poughkeepsie is vested by state law with the authority to make policy for the City on the use of force in making arrests. The City counsel members were aware of a pattern of excessive force by police officers employed by the City of Poughkeepsie; they were aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

25. At all times relevant to this complaint, defendant Officer Cronk as police officer of the City of Poughkeepsie was acting under the direction and control of defeat the City of Poughkeepsie and were acting pursuant to the official practice of the custom of the City of Poughkeepsie.

26. Acting under color of law and pursuant to official policy, practice, or custom defendant and the City of Poughkeepsie, intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant Cronk in his duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using

unreasonable and excessive force before, during or after the making of an arrest.

27. Acting under color of law and pursuant to official policy, practice or custom defendant Conk and the City of Poughkeepsie intentionally, knowingly, and recklessly failed to instruct, train and supervise defendants on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of a baton or flashlight.

28. Defendant Cronk and the City of Poughkeepsie had knowledge, or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant Cronk and the City of Poughkeepsie had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed to or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. Defendant Cronk and the City of Poughkeepsie directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Cronk heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

30. As a direct and proximate result of the acts of Defendant Cronk and the City of Poughkeepsie as set forth herein, Plaintiff suffered physical injury, medical expenses, lost wages, and sever mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

31. The acts of defendant as set forth above were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount proved at trial;

2. For exemplary and punitive damages against defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and

4. For such other and further relief as the court deems proper.

Dated: Poughkeepsie, NY
January 29, 2008

Yours, Etc.
Stephen P. O'Hare, P.L.L.C.

By: Stephen P. O'Hare (soh0631)
488 Freedom Pls Rd Suite 103
Poughkeepsie, NY 12603
845-452-4090